

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONNA HERSCHBERGER, *ET AL.*                                          PLAINTIFF

VERSUS                                                  CIVIL ACTION NO. 1:05cv168WJG-JMR

ACandS, *ET AL.*                                                  DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the Court on motion of the Plaintiffs to remand [3-1] the above referenced action to the Circuit Court of Holmes County, Mississippi. This suit was removed to this court on two prior occasions, the most recent being in November 2001. After the case was remanded on January 18, 2002, a trial date was set in state court for February 7, 2002.

The case originally had seven plaintiffs including Donna Herschberger, who is the widow of Jack Herschberger, a man who was allegedly exposed to asbestos while working at the Sinclair Refinery in Rawlings, Wyoming from 1947-1957. Jack resided in Long Beach, Mississippi from 1957 until he died in 1999, apparently from mesothelioma. Donna Hershberger's claims were properly joined with the other plaintiffs' claims under Mississippi law at the time the suit was originally filed.

Defendants filed a motion to sever in the state court case on June 21, 2004, based on changes in Mississippi law. The claims were severed, with the cases of Holmes county residents remaining in that court, and an order directing that proposed motions to transfer the three non-Holmes county cases, including Donna Hershberger's case, to the appropriate court under Mississippi law.

Donna Hershberger submitted a proposed transfer order to move the case to Hinds County where two of the defendants maintained offices, and the defendants proposed that the case be transferred to Harrison County. Eventually, she revised her proposed venue to Harrison County, and an agreed order of transfer was entered on April 19, 2005.

According to the Defendants, the transfer order of April 4, 2005, constitutes a new paper triggering notice of possible diversity jurisdiction and allowing for removal of the case to this court. The Plaintiffs assert that no action was taken on her behalf which would create diversity jurisdiction, allowing for removal of the case in 2005. (Mot. to Remand, p. 3.) According to the Plaintiffs, their claims asserted against the Defendants were known since at least November 2000, when Donna Hershberger was deposed. (*Id.*) Also, in June 2003 a co-worker of Jack's was deposed and he named the asbestos products that Jack was exposed to on the jobsite. (*Id.*) The Plaintiffs maintain that there were never in-state defendants involved in Jack's claims. (*Id.*, p. 4.) The Defendants did not move for severance following these depositions and the Plaintiffs contend that because all discovery was completed in the case prior to removal, the Defendants were aware of the claims asserted against them at least since the date the state trial was set. (*Id.*)

The Plaintiffs maintain that the proposal for transfer changed nothing in the case and if there were any basis for removal of the case, the Defendants had enough information at the time the Circuit Court severed the cases in July 2004 to allow for removal of the case at that time. (*Id.*) The Plaintiffs insist that no action was taken to hide information about the case to create an equitable exception to the one-year deadline for removal of cases. (*Id.*)

The Defendant, Owens-Illinois d/b/a O-I [O-I], contends that complete diversity did not exist in the case up until the time of the proposed transfer order in April 2005. (Ct. R., Doc. 5, p.

2.) O-I contends that the revised proposal of April 2005 asserted that Jack was exposed to asbestos in Wyoming from 1947 to 1957 and that the relevant defendants included Foster-Wheeler, O-I, and Garlock, all of which are foreign corporations without a principal place of business in Mississippi. (*Id.*) The Plaintiffs also asserted in the proposed transfer that even though Jack had no claims against a Mississippi defendant, Harrison County, the place of Jack's death, was the proper venue for the case. (*Id.*)

Prior to this filing, O-I contends that the Plaintiffs had not dismissed a defendant, offered to dismiss a defendant for lack of a viable claim against that defendant, or filed a paper which stated that only non-resident defendants were subject to the Hershberger plaintiffs' suit. (*Id.*, p. 3.) O-I argues that the voluntary filing of the request for transfer specified that the Hershberger's claims were asserted only against non-resident defendants qualified that request as an "other paper" as identified by statute. (*Id.*, pp. 4-5.)

The Defendants further claim that the Plaintiffs sought to avoid removal by naming in-state defendants in the case, and not moving to dismiss those defendants even though they did not intend to pursue a cause of action against these defendants. (*Id.*, p. 7.) The plaintiffs' claims were improperly joined from the inception of the lawsuit, because they arose from different occurrences as each of the plaintiffs' exposure was at different jobs held at different work sites, and occurring at different time periods. (*Id.*)

The Plaintiffs contend in the alternative that all defendants have not joined in the removal, making the removal defective. (Ct. R., Doc. 6, p. 1.) The Plaintiffs maintain that there was no voluntary act on their part creating diversity jurisdiction because the severance was a result of a change in state law and when the case was filed the grouping of plaintiffs was proper

3

under Mississippi law. (*Id.*, p. 3.) The Plaintiffs contend that they were ordered to propose the venue considered proper in their case following the severance of the cases in state court, although they opposed the severance of cases. (*Id.*) The Plaintiffs argue that some pattern of deceptive conduct on a plaintiff's part is necessary to trigger the equitable exception to the one-year limit on removals based on diversity. (*Id.*, p. 4.)

The Plaintiffs claim that the Defendants were aware as early as June 2004 that the Plaintiffs were not advancing claims against resident defendants, as further evidenced by the Defendants' motion to apply Wyoming law to the case. (*Id.*, p. 5, Exh. A.) Within that motion, the Defendants indicate that Jack did not allege asbestos exposure outside of Wyoming. (*Id.*) Although Jack worked in Mississippi, there are no allegations of asbestos exposure during this employment. (*Id.*)

## Discussion

"[F]ederal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). In a remand situation, defendants bear the burden of establishing original federal jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1938); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), *petition for reh'g & suggestion for reh'g en banc denied* 70 F.3d 26 (1995). The Court, in determining if the defendants have carried this burden, resolves any doubts against removal. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000), *cert. denied* 530 U.S. 1229.

Removal and its timing are governed by 28 U.S.C. § 1446(b) which provides as follows:

4

> The notice of removal of a civil action or proceedings shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

If the case is removable initially a defendant must remove the suit within thirty days of receipt of the initial pleading. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992), *cert. denied* 507 U.S. 967 (1993). If the suit was not initially removal, the case cannot be removed based on diversity jurisdiction more than one year after the suit commenced. *Johnson v. Heublein*, 227 F.3d 236, 241 (5th Cir. 2000); *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 212 (5th Cir. 2002). The second paragraph of Section 1446(b) applies in this case. An equitable exception to this time period may occur when the plaintiff attempts to manipulate the statutory rules for determining federal removal jurisdiction, thus preventing the defendant from removing a suit until beyond the one year time limit. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428-9 (5th Cir. 2003). The one year limit on removal on the basis of diversity establishes "a means of reducing the opportunity for removal after substantial progress has been made in state court." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998). The general rule remains that removal is strictly construed. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

In this case, the Plaintiffs were properly joined at the initial filing of the lawsuit. *Janssen Pharmaceutica, Inc. v. Armond*, 866 So.2d 1092, 1099 (Miss. 2004). The Plaintiffs were severed following a change in state law which happened after the lawsuit was initially filed. *See Janssen*, 866 So.2d at 1099; *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So.2d 493, 493 (Miss. 2004).

The fact that Donna Hershberger's proposed transfer order specified that there were no claims against non-resident defendants in her suit does not belie the fact that in June 2004, months after the *Janssen* case was decided in February 2004, attorneys for O-I filed a motion to apply Wyoming law to Hershberger's claims, acknowledging that Jack had no exposure to asbestos within the state of Mississippi. (Ct. R., Doc. 6, Exh. A.) The Plaintiffs did not voluntarily dismiss in-state defendants after the running of the one year time limit on removals; there were no in-state defendants to dismiss in Hershberger's case. Their claims were properly joined with other plaintiffs with claims against non-resident and resident defendants that manufactured asbestos products until Mississippi state law changed regarding joinder of plaintiffs. In fact, the Plaintiffs opposed severance of Plaintiffs in this case.

The facts in this case do not lead the Court to conclude that the Plaintiffs manipulated the pleadings in an attempt to avoid federal jurisdiction to be equitably estopped from seeking remand to state court. Because Mississippi changed its law regarding joinder of plaintiffs while this case was pending in state court, plaintiffs were severed out of the case, leaving the Hershberger Plaintiffs on their own in a suit no longer involving resident defendants. This was not based on a voluntary act by the Plaintiffs, in fact, the Plaintiffs had nothing to do with the change in Mississippi law.

The Court concludes that the Defendants knew in June 2004 that there was no Mississippi exposure in this case, and yet did not file their removal in this case until April 2005, contending that was the first indication that there were no claims advanced against Mississippi defendants in this case until that time. The law is clear that no diversity case may be removed more than one year after commencement of the lawsuit. 28 U.S.C. § 1446(b). This is not a case in which equitable estoppel should be applied. *See Jenkins v. Sandoz Pharm. Corp.*, 965 F. Supp. 861, 869 (N.D. Miss. 1997); *Lee v. State Farm Mut. Auto. Ins. Co.*, 360 F. Supp.2d 825, 832 (S.D. Miss. 2005). Accordingly, the Court concludes that the Defendants have not timely removed this case, and that the Plaintiffs' motion to remand should be granted. The Court further finds that any other pending motions in this case should be denied as moot. Finally, the Court finds nothing within the motion to merit an award of fees to either party as a result of the removal, and further finds that the Plaintiffs' request for attorneys fees should be denied. *W.H. Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied* 522 U.S. 977.

## Conclusion

For the aforementioned reasons, the Court finds that the Plaintiffs' motion to remand [3-1] this case to the Circuit Court of Holmes County, Mississippi, should be granted. A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear its respective costs in connection with this motion.

THIS the 23rd day of May, 2005.

/s/ *Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE